# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 1 2 2008

**Clerk, U.S. District and Bankruptcy Courts**

GREGORY N. BRYL
287 S Pickett Street, #201
Alexandria, VA 22304
703-861-1906
     Plaintiff

v.

MICHAEL B. MUKASEY, United States
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530-0001

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

EMILIO GONZALEZ, Director of U.S.
Citizenship and Immigration Services
Office of the Chief Counsel, USCIS
20 Massachusetts Ave NW, Room 4025
Washington, DC 20529

SUSAN DIBBINS, Acting Director,
USCIS Washington District Office
2675 Prosperity Ave
Fairfax, VA 22031

ROBERT MUELLER III, Director of the
Federal Bureau of Investigation
Office of the General Counsel, FBI
935 Pennsylvania Ave NW, Room 7427
Washington, DC 20535

    Defendants

No. _____

Case: 1:08-cv-00811
Assigned To : Bates, John D.
Assign. Date : 5/12/2008
Description: Admn. Agency Review

-1-

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND WRIT OF MANDAMUS

### INTRODUCTION

This is an action for declaratory and injunctive relief and writ of mandamus to compel the relevant U.S. government officials to perform their mandatory and non-discretionary ministerial duties. This action is brought as a result of Defendants' unlawful policies and practices and the resulting unlawful and unreasonable delays in adjudicating Plaintiff's application for naturalization (USCIS Form N-400).

Plaintiff has lived in the United States for over a decade and is seeking to pledge allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after many years of living in the United States and contributing to the local community and our country overall, Plaintiff has been robbed of his statutory right to be naturalized and other rights. Plaintiff has been deprived of his rights solely because of the bureaucratic failings and callous inaction of two federal government agencies: USCIS and FBI.

USCIS has delayed the adjudication of Plaintiff's naturalization application because it has delegated a new form of security check called a "name check" to the FBI, which, in turn, has willfully, unreasonably, unlawfully, and without justification delayed Plaintiff's "name check" for over 18 months. Likewise, USCIS has willfully, unreasonably, and unlawfully failed to rectify and remedy the delay caused by its

institution of the "name check" and the delegation of that procedure to the FBI, or to otherwise process Plaintiff's application.

As a result of the agencies' failure to adjudicate Plaintiff's naturalization application, Plaintiff is unable to vote in the upcoming presidential election, apply for and receive business-related benefits reserved for United States citizens (such as federal small business loans), sponsor for lawful permanent residency his immediate relatives abroad, participate in the Visa Waiver Program and travel abroad and return to the United States without fear of exclusion. Moreover, Plaintiff is unable to vote in other elections, serve on juries, and enjoy numerous other rights and responsibilities of U.S. citizenship.

With the upcoming presidential election less than 7 months away, the delay in Plaintiff's case takes on particular significance, as Plaintiff stands to wrongfully be denied the ability to vote and participate in determining the future of his country, where he has resided for over 11 years. Plaintiff is being denied this opportunity because of Defendants' unlawful and unreasonable delay.

Plaintiff seeks, *inter alia*, declaratory and injunctive relief to require Defendants to adjudicate his application for naturalization within the time periods prescribed by law, to enjoin them from using the unlawful policies that significantly delay and prevent the processing and adjudication of naturalization applications, and is asking that the Court declare the agencies' delays and the policies behind those delays (such as deliberate failures to set deadlines and to adhere to rule-making procedures) to be in violation of

immigration laws and regulations, laws governing administrative agency action, and the Due Process Clause and other clauses and amendments in the United States Constitution.

By enacting the Immigration Services and Infrastructure Improvements Act of 2000, (ISIIA) Congress set the period of 180 days as the normative expectation for the government to complete the processing of an immigration benefit application. Congress specifically stated that "**the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application**." 8 U.S.C. 1571(b) (emphasis added). Additionally, USCIS has publicly stated that applications for naturalization should be adjudicated within six months of the filing of the naturalization application. *See, e.g.*, U.S. Citizenship and Immigration Services, Questions and Answers: Building an Immigration Service for the 21st Century, http://www.uscis.gov/files/pressrelease/QABuilding1.pdf (last visited May 10, 2008). This 180-day period begins upon the initial filing of an application and constitutes a reasonable processing time. *See* 8 U.S.C. 1571 *and Konchitsky v. Chertoff*, 2007 U.S. Dist. LEXIS 53998 at 11-15. In the instant case, this period commenced on August 21, 2006, and expired on February 17, 2007.

The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiff's application for naturalization (Form N-400). In particular, Plaintiff seeks to stop the unreasonable agency delay and redress the failure of the government to complete

Plaintiff's "name check" and issue an "FBIQUIRY System" response, as well as take all other steps necessary to timely complete Plaintiff's N-400 application.

Plaintiff is eligible to seek and is requesting reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq.*[1]

## JURISDICTION AND VENUE

1.     This Honorable Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. 1571 (Immigration Services and Infrastructure Improvement Act of 2000"), 28 U.S.C. 2201 *et seq.* (declaratory judgments), 28 U.S.C. 1331 (federal question), 5 U.S.C. 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in cases of unreasonable delay), 28 U.S.C. 1361 (authorizing issuance of mandamus), 28 U.S.C. 1651 (All Writs Act), and the United States Constitution. Relief is requested pursuant to said statutes and the U.S. Constitution.

2.     Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District as well as that the challenged unlawful policies and practices sought to be enjoined were formulated within the District.

---

[1] *See, e.g., Elkhatib v. Bulger*, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (attorney fees awarded after plaintiff obtained mandamus against USCIS); *Aboushaban v. Mueller*, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees awarded upon issuance of mandamus against USCIS); *Berishev v. Chertoff*, 486 F.Supp.2d 202 (D. Mass., 2007) (fees awarded in naturalization context).

## ALLEGATIONS OF FACT

**Plaintiff**

3.      Plaintiff is a citizen of Russia and a lawful permanent resident of the United

States residing within the jurisdiction of USCIS Washington District Office, who has

applied for naturalization under the Immigration and Nationality Act (INA), and whose

naturalization application has not been adjudicated for over 18 months.

**Defendants**

4.      All Defendants are officials of the United States government and its

agencies acting under color of law with respect to the matters referenced herein.

5.      Defendant Michel B. Mukasey is the Attorney General of the United States

and is sued in his official capacity. Defendant Mukasey is responsible, *inter alia*, for

administering and enforcing the immigration and naturalization laws of the United States,

for overall supervision of the functions of the Department of Homeland Security (DHS)

and United States Citizenship and Immigration Services (USCIS), as well as for

prescribing regulations by which a person can become a naturalized citizen.

6.      Defendant Michael Chertoff is the Secretary of the Department of

Homeland Security, and is sued in his official capacity. Defendant Chertoff is generally

charged with implementing the Immigration and Nationality Act (INA) and is authorized

to delegate powers and authority to subordinate employees of the DHS. Defendant

Chertoff is responsible for implementing the provisions of the INA under which lawful

permanent residents are naturalized as United States citizens.

-6-

7.    Defendant Emilio Gonzalez is the Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the Immigration and Nationality Act, including processing and adjudicating applications for naturalization, which are filed on Form N-400. Defendant Gonzalez is responsible for overall supervision of the functions of the USCIS, including the processing and adjudication of applications for naturalization. Defendant Gonzalez is sued in his official capacity.

8.    Defendant Susan Dibbins is the Acting Director of the Washington District Office of the USCIS, and is responsible for administering and enforcing the INA, including the processing and adjudication of naturalization applications by applicants residing in the District of Columbia and Northern Virginia. Defendant Dibbins is sued in her official capacity.

9.    Defendant Robert Mueller III is the Director of the Federal Bureau of Investigation (FBI), a government agency responsible, *inter alia*, for background investigations and "name checks" of persons who have applied for naturalization under the INA. Upon requests by USCIS, the FBI performs "name checks" and other background checks for all applicants for naturalization. Defendant Mueller is sued in his official capacity.

**FBI Name Check Procedures**

10.    USCIS and FBI instituted the "name check" procedures without engaging in any meaningful assessment of value of the information to be obtained or the impact of

that dramatic alteration of the process would have on the adjudication of naturalization applications.

11.    Hundreds of thousands of "name checks" are currently pending with the FBI, including the name checks of those who applied for naturalization as early as 2002.

12.    Both the USCIS Ombudsman and his predecessor the DHS Inspector General have issued repeated recommendations that USCIS cease requiring name checks on all naturalization applications and only perform them in a limited number of cases selected in a risk-based approach. *See, e.g.,* Citizenship and Immigration Services Ombudsman Annual Report 2006, http://www.dhs.gov/xlibrary/assets/CISOmbudsman_AnnualReport _2006.pdf (last visited May 10, 2008).

13.    Moreover, Lawful Permanent Residents (LPRs) who apply for naturalization, including Plaintiff, have already undergone a full criminal background check and, in most cases, an FBI name check, prior to their application for naturalization.

14.    USCIS has never ascertained and never disclosed the total number of naturalization applications denied based solely on derogatory information obtained exclusively through the FBI name checks.

**Fee Increase and Additional Backlog in Naturalization Applications**

15.    In July 2007, USCIS increased by about 80% the fee it charges for processing naturalization applications.

16.    When Defendants raised the naturalization application fee in 2007, they failed to take reasonable steps to accommodate the surge in naturalization applications prior to the fee increase even though prior experience indicated that such a surge would occur.

17.    In November 2007, USCIS made a public announcement that naturalization applications filed after June 1, 2007, would take approximately 16 to 18 months to process as a result of the huge number of applications filed during the summer of 2007, shortly prior to the fee increase.

18.    Plaintiff's application for naturalization is already pending even longer than the time announced for "surge" applications.

19.    As a result of Defendants' policies, practices, acts, and omissions described herein, Plaintiff has suffered and will continue to suffer injury and damages for an indefinite period of time.

**Plaintiff's Application and Defendants' Failure to Act**

20.    On November 17, 2001, Plaintiff became a lawful permanent resident of the United States. **Exhibit A.** On August 21, 2006, Plaintiff filed an N-400 application for naturalization with the USCIS. **Exhibit B.** On September 6, 2006, Plaintiff submitted his biometric data to USCIS by attending and completing a USCIS biometrics appointment. **Exhibit C.**

21.    Starting on August 1, 2007 (approximately 1 year after filing his application), Plaintiff has been inquiring about the status of his case through the USCIS

National Customer Service Center, CIS Ombudsman, and through the Washington District Office, approximately every 2-3 months. **Exhibit D.**

22.    On November 14, 2007, Plaintiff made a Freedom of Information and Privacy Act (FOIPA) request with the FBI and, on November 19, 2007, received a <u>no-records</u> response. **Exhibit E.**

23.    On December 21, 2007, Plaintiff received a response from the USCIS Ombudsman's office stating that his case was being delayed due to a pending and incomplete FBI name check. **Exhibit F**.

24.    On February 13, 2008, and April 21, 2008, Plaintiff again received the same response from USCIS, namely, that his FBI name check is still pending. **Exhibit D**.

25.    To date, over 18 months into Plaintiff's naturalization process, the FBI has failed to complete Plaintiff's "name check" at the request of USCIS, and USCIS has failed to process and adjudicate Plaintiff's application for naturalization.

**Plaintiff's Exhaustion of Administrative Remedies**

26.    Plaintiff has exhausted all of his administrative remedies that may exist under the law. Plaintiff has also supplied the documents that establish his eligibility for naturalization.

## FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE
## ADMINISTRATIVE PROCEDURE ACT AND RELATED LAWS

27.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

28.    Defendants are officials of federal administrative agencies covered by the
Administrative Procedure Act (APA), 5 U.S.C. 551 *et seq.* and 706 *et seq.*

29.    Defendants have a policy, pattern, and practice of failing to schedule
naturalization examination interviews and to adjudicate naturalization applications of
certain applicants because of years-long delays in the processing of "name checks."

30.    Defendants have a policy, pattern, and practice of unlawfully withholding
and unreasonably delaying the adjudication of naturalization applications of certain
applicants because of years-long delays in the processing of "name checks."

31.    Defendants have a policy, pattern, and practice of unlawfully withholding
and unreasonably delaying the completion of "name checks" with the full knowledge that
the completion of such checks is required to adjudicate naturalization applications of
persons such as Plaintiff.

32.    Defendants have a policy, pattern, and practice of failing to set deadlines
for completing "name checks" and taking all other reasonable steps necessary to complete
the adjudication of naturalization applications of persons such as Plaintiff. As one district
judge aptly put it, the "duty to act is no duty at all if the deadline is eternity." *Tang v.
Chertoff*, 493 F.Supp.2d 148 (D. Mass. 2007).

33.    The requirement of completion of an FBI "name check" is a substantive

departure from prior USCIS policy and practice. The FBI "name check" imposes new

requirements and steps in naturalization procedure that are not based on statute or

regulations and that cause substantial delays and other adverse effects on applicants for

naturalization, including Plaintiff.

34.    Defendants have a policy, pattern, and practice of requiring "name checks"

for adjudication of applications for naturalization of persons such as Plaintiff despite the

absence of any statutory or regulatory authority for such checks.

35.    Defendants have a policy, pattern, and practice of requiring "name checks"

for adjudication of applications for naturalization of persons such as Plaintiff despite

Defendants' failure to publish a proposed regulation and provide a notice-and-comment

period prior to implementing such policy, pattern, and practice.

36.    Defendants have unlawfully withheld and unreasonably delayed agency

action on Plaintiff's application for naturalization.

37.    Defendants have failed to adjudicate or otherwise act on Plaintiff's

application for a period exceeding 180 days.

38.    Defendants have failed to adjudicate or otherwise act on Plaintiff's

application within a reasonable time after Plaintiff's filing of the application.

39.    Defendants' failure to process and adjudicate Plaintiff's naturalization

application for over 18 months constitutes an unreasonable delay and unlawful

-12-

withholding of agency action, and violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706, as well as ISIIA, 8 U.S.C. 1571(b).

40.     Defendants' prolonged delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

41.     Defendants' prolonged delays on naturalization applications such as Plaintiff's is detrimental to national security.

42.     Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706, as well as 8 U.S.C. 1571(b).

43.     Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

44.     Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA, including 5 U.S.C. 553.

45.     As a result of Defendants' policies, practices, actions, and omissions, Plaintiff has suffered injury and continues to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

## SECOND CLAIM FOR RELIEF: FAILURE TO DISCHARGE A
## MANDATORY MINISTERIAL DUTY

46.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

47.    Plaintiff has a clear right to the relief sought, namely, that Plaintiff's application for naturalization would be processed and adjudicated by Defendants within a reasonable time in accordance with the INA and APA, as well as ISIIA.

48.    Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiff's application for naturalization within a reasonable time.

49.    Defendants have failed to discharge their clear ministerial duty.

50.    Defendants' over 18 months' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

51.    Defendants' prolonged delays in processing naturalization applications such as Plaintiff's are detrimental to national security.

52.    Absent a writ of mandamus compelling Defendants to promptly process his naturalization application, Plaintiff has no other adequate remedy, whether at law or in equity, to redress the violation of his rights.

53.    Defendants have a policy, pattern, and practice of failing to adjudicate naturalization applications of certain applicants within a reasonable time because of years-long delays in the processing of "name checks."

-14-

54.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

55.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

56.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

57.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

58.    Defendants have a policy, pattern, and practice of failing to schedule naturalization examination interviews and to adjudicate naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

59.    Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for naturalization.

60.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application for a period exceeding 180 days.

-15-

61.    Defendants have failed to adjudicate or otherwise act on Plaintiff's application within a reasonable time.

62.    Defendants' failure to process and adjudicate Plaintiff's naturalization application for over 18 months constitutes an unreasonable delay and unlawful withholding of agency action, warranting a writ of mandamus.

63.    Defendants' failure to timely complete a "name check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, is unreasonable and unlawful, and warrants a writ of mandamus.

64.    Defendants' failure to set deadlines for completing "name checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application, including the scheduling of a naturalization examination interview, violates the APA and the INA, is otherwise unlawful, and warrants a writ of mandamus.

65.    Defendants' policy and practice of requiring "name checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA and warrant a writ of mandamus.

66.    It is therefore appropriate for this Court issue a writ of mandamus compelling Defendants to process Plaintiff's naturalization application within a reasonable period of time, such as 30 days and in time for Plaintiff to register for the upcoming presidential elections.

## THIRD CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS AND OTHER FUNDAMENTAL RIGHTS

67.    Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

68.    Defendants, insofar as relevant herein, have acted and failed to act with respect to Plaintiff and his application under color of law.

69.    Defendants have a policy, pattern, and practice of failing to schedule a naturalization examination interview within a reasonable time because of years-long delays in the processing of "name checks."

70.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of naturalization applications of certain applicants because of years-long delays in the processing of "name checks."

71.    Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "name checks" with the full knowledge that the completion of such checks is required to adjudicate naturalization applications of persons such as Plaintiff.

72.    Defendants have a policy, pattern, and practice of failing to set deadlines for completing "name checks" and taking all other reasonable steps necessary to complete the adjudication of naturalization applications of persons such as Plaintiff.

73.    The requirement of completion of an FBI "name check" is a substantive departure from prior USCIS policy and practice. The FBI "name check" imposes new requirements and steps in naturalization procedure that are not based on statute or

-17-

regulations and that cause substantial delays and other adverse effects on applicants for naturalization, including Plaintiff.

74.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

75.    Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for naturalization of persons such as Plaintiff despite Defendants' failure to publish a proposed regulation and provide a notice-and-comment period prior to implementing such policy, pattern, and practice.

76.    Defendants have applied the above policies and practices to unlawfully withhold and unreasonably delay action on Plaintiff's naturalization application.

77.    Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's application for naturalization.

78.    These actions and omissions by Defendants violate Plaintiff's rights to due process of law secured by the U.S. Constitution.

79.    Defendants' actions and omissions are preventing Plaintiff from registering to vote in the upcoming presidential elections.

80.    Defendants' over 18 months' delay on Plaintiff's application, which delay is based on unlawfully instituted policies and practices and is preventing Plaintiff from voting in the upcoming presidential elections, violates Plaintiff's rights to due process of law and other fundamental rights secured by the U.S. Constitution.

-18-

81.    As a result of Defendants' actions, omissions, policies, and practices, Plaintiff has suffered and is continuing to suffer injury (at least some of which is irreparable) and damages. Declaratory, injunctive, and other relief is therefore warranted.

## PRAYER FOR RELIEF

82.    Based on the foregoing, Plaintiff respectfully requests that this Court:

    a.    Assume jurisdiction over this matter.

    b.    Order Defendants to immediately schedule Plaintiff's naturalization examination interview and promptly adjudicate the currently pending Plaintiff's application for naturalization within a period not to exceed 30 days after this Court's order and in time for Plaintiff to register for the upcoming November 2008 presidential election.

    c.    Enjoin Defendants from using FBI name check in adjudicating Plaintiff's naturalization application unless and until Defendants issue a proposed rule regarding such name checks and provide a notice-and-comment period.

    d.    Issue a declaratory judgment declaring unlawful the following actions and omissions of Defendants: (a) Defendants' failure to adjudicate Plaintiff's application for naturalization for over 18 months and within a reasonable time; (b) Defendants' failure to complete Plaintiff's "name check" for over 18 months and within a reasonable time; (c) Defendants' failure to set deadlines and take all

necessary steps to adjudicate Plaintiff's naturalization application within a reasonable time; (d) Defendants' policy, pattern, and practice of delaying and withholding agency action in naturalization cases, including failure to schedule naturalization examination interviews, and applying such to unreasonably and unlawfully delay and withhold agency action on Plaintiff's application; (e) Defendants' policy and practice of requiring "name checks" without proper authority and rule-making proceedings and applying such requirement to prevent Plaintiff's naturalization application from adjudication and completion for over 18 months, including Defendants' failure to issue a proposed regulation and provide a notice-and-comment period prior to implementing the policy and practice of requiring completion of FBI "name checks" in adjudicating naturalization applications.

e.     Award reasonable attorney fees and costs pursuant to, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

f.     Grant any and all further relief this Court deems just and proper.

Respectfully submitted,

Gregory N. Bryl, *pro se*
287 S Pickett Street, #201
Alexandria, VA 22304
703-861-1906
703-997-5925 fax
help@bryllaw.com

# LIST OF EXHIBITS
*Bryl v. Mukasey et al.*

A.    Copy of Green Card

B.    N-400 filing receipt notice

C.    CIS Biometrics appointment notice with completion stamp

D.    Declaration of Gregory N. Bryl with supporting documents (CIS correspondence)

E.    FBI FOIPA response dated November 19, 2007

F.    CIS Ombudsman's office response dated December 21, 2007

# EXHIBIT A



08 0811

FILED

MAY 1 2 2008

Clerk, U.S. District and
Bankruptcy Courts

# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

# THE UNITED STATES OF AMERICA

| Receipt | | | **NOTICE DATE**<br>August 28, 2006 |
|---|---|---|---|
| **CASE TYPE**<br>N400    Application For Naturalization | | | **USCIS A#**<br>A 078 728 610 |
| **APPLICATION NUMBER**<br>ESC*001696512 | **RECEIVED DATE**<br>August 21, 2006 | **PRIORITY DATE**<br>August 21, 2006 | **PAGE**<br>1 of 1 |

| **APPLICANT NAME AND MAILING ADDRESS** | PAYMENT INFORMATION: |
|---|---|
| GREGORY NICHOLAS BRYL<br>287 S PICKETT STREET APT 201<br>ALEXANDRIA VA  22304 | Single Application Fee:       $400.00<br>Total Amount Received:     $400.00<br>Total Balance Due:              $0.00 |

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:          January 25, 1973
Address Where You Live:  287 S PICKETT STREET APT 201
                         ALEXANDRIA VA 22304

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local USCIS office.  You should expect to be notified within  90  days of this notice.

**08 0811**

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**.  If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit USCIS at **www.uscis.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits.  At present, this site does not provide case status information.

**FILED**

**USCIS Office Address:**
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
75 LOWER WELDEN STREET
ST ALBANS VT 05479-

**USCIS Customer Service Number:**
(800) 375-5283

**MAY 1 2 2008**

APPLICANT COPY    **Clerk, U.S. District and Bankruptcy Courts**

ESC$001681291

Form I-797C (Rev. 01/31/05) N

# EXHIBIT C

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE August 28, 2006 |
|---|---|---|---|
| CASE TYPE N400    Application For Naturalization | | | USCIS A# A 078 728 610 |
| APPLICATION NUMBER ESC*001696512 | RECEIVED DATE August 21, 2006 | PRIORITY DATE August 21, 2006 | PAGE 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

GREGORY NICHOLAS BRYL
287 S PICKETT STREET APT 201
ALEXANDRIA VA  22304

BIOMETRICS PROCESSING STAMP
ASC SITE CODE:
BIOMETRICS QA REVIEW BY
ON
TENPRINTS QA REVIEW BY

To process your application, USCIS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below. **RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW OR FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER CIS ALEXANDRIA 8850 RICHMOND HIGHWAY SUITE D ALEXANDRIA VA 22309 | DATE AND TIME OF APPOINTMENT 09/06/2006 12:00 PM |
|---|---|

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
**1. THIS APPOINTMENT NOTICE and**
**2. PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### REQUEST FOR RESCHEDULING

08 0811

Please reschedule my appointment for the next available: ☐ Wednesday afternoon    ☐ Saturday afternoon

USCIS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

CIS ALEXANDRIA
8850 RICHMOND HIGHWAY
SUITE D
ALEXANDRIA VA 22309

**FILED**

MAY 1 2 2008

Clerk, U.S. District and
Bankruptcy Courts

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

APPLICATION NUMBER
ESC*001696512

### WARNING!
*Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

Form I-797C (Rev. 01/31/05) N

# EXHIBIT D

## DECLARATION OF GREGORY N. BRYL

I, Gregory N. Bryl, state as follows:

I applied for naturalization on or about August 21, 2006, and was fingerprinted on or about September 6, 2006. Since August 1, 2007, I have been inquiring about the status of my case at the USCIS Customer Service Center and Washington District office, as well as the CIS Ombudsman's office approximately every 2-3 months. I have always been receiving the same response, namely, that my name check is pending. This response is given sometimes verbally and sometimes in writing. I am enclosing examples of status inquiry responses immediately following this declaration. The most recent verbal responses I received at the Washington District office on February 13, 2008 and April 21, 2008.

I declare under penalty of perjury that the foregoing is true.

_____
Gregory N. Bryl

**08 0811**

**FILED**

**MAY** 1 2 2008

**Clerk,** U.S. District and
**Bankruptcy Courts**



**U.S. Department of Homeland Security**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT
05479-0001

**U.S. Citizenship and Immigration Services**

Sunday, December 23, 2007

GREGORY BRYL
287 S PICKETT ST. APT. 201
ALEXANDRIA VA 22304

Dear Gregory Bryl:

On 11/30/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Person who contacted us:** | Bryl, Gregory |
| **Caller indicated they are:** | Attorney or Authorized Representative |
| **Attorney Name:** | Information not available |
| **Case type:** | N400 |
| **Filing date:** | 08/22/2006 |
| **Receipt #:** | ESC*001696512 |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Out side Normal Processing Times |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required security checks remain pending.

Until the security checks have been completed, we cannot move forward on your case. These security checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the security checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. CIS - 12-23-2007 09:01 AM EST - ESC*001696512



**U.S. Department of Homeland Security**
USCIS
2675 Prosperity Avenue
Fairfax, VA 22031-4906

**U.S. Citizenship
and Immigration
Services**

Wednesday, August 1, 2007

GREGORY BRYL
287 S PICKETT ST. APT. 201
ALEXANDRIA VA 22304

Dear Gregory Bryl:

On 08/01/2007 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Person who contacted us:** | Bryl, Gregory |
| **Caller indicated they are:** | Attorney or Authorized Representative |
| **Attorney Name:** | Information not available |
| **Case type:** | N400 |
| **Filing date:** | 08/22/2006 |
| **Receipt #:** | ESC*001696512 |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Outside Normal Processing Times |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

U.S. CIS - 08-01-2007 07:21 PM EDT - ESC*001696512

# EXHIBIT E

U.S. Department of Justice 



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*November 19, 2007*

MR. GREGORY NICHOLAS BRYL
#201
287 SOUTH PICKETT STREET
ALEXANDRIA, VA 22304

Request No.: 1100041
Subject: BRYL, GREGORY NICHOLAS

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

**08 0811**

**FILED**

MAY 1 2 2008

**Clerk, U.S. District and
Bankruptcy Courts**

# EXHIBIT F



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Domestic Operations Directorate
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

HQCIS 181/48.2-C

Mr. Gregory Nicholas Bryl                                          --- 2 1 2007
Apartment 201
287 South Pickett Street
Alexandria, VA 22304-4742

Dear Mr. Bryl:

Thank you for your Case Problem Submission Worksheet dated September 12, 2007, to the U.S.
Citizenship and Immigration Services (USCIS), Ombudsman Office concerning the status of your
pending Form N-400, Application for Naturalization. The Ombudsman's Office forwarded your Case
Problem Submission Worksheet to the Customer Assistance Office (CAO) for a response. We have
assigned it case # 726647.

We understand your concern that caused you to write and your desire to resolve your pending Form N-
400 application. We have researched your case to determine the status of your Form N-400 application.
Your case is delayed because we are awaiting the results of the required background checks. Until the
background checks are complete, we cannot move forward on your case.

Please understand that these background checks are required to be completed on all applicants who apply
for the immigration benefit you are seeking. Attached you will find two enclosures with detailed
information regarding why the process exists, how it works, as well as the circumstances when the
process can be expedited.

While an exact date for completion of your background check cannot be given at this time, we will make
every effort to make a decision on this case as soon as the background checks are completed.

We appreciate your continued patience. If you need additional assistance or filing instructions, we invite
you to contact the USCIS National Customer Service Center at 1-800-375-5283 or visit our web site at
www.uscis.gov.

We trust that this information is helpful.

Sincerely,

Christine Gooding, Supervisor
Customer Assistance Office
U.S. Citizenship and Immigration Services                        **08 0811**
U.S. Department of Homeland Security

Enclosures:    Fact Sheet, Immigration Security Checks - How and Why the Process Works
               USCIS Update, USCIS Clarifies Criteria to Expedite FBI Name Check

**FILED**

**MAY 1 2 2008**
www.uscis.gov
**Clerk, U.S. District and
Bankruptcy Courts**

*Office of the*
*Citizenship and Immigration Services Ombudsman*

**U.S. Department of Homeland Security**
Mail Stop 1225
Washington, D.C. 20528-1225



# Homeland Security

September 27, 2007

Mr. Gregory Nicholas Bryl
287 S Pickett St, Apartment 201
Alexandria, VA 22304-4742

Dear Mr. Bryl:

Thank you for your recent inquiry regarding your immigration issue.

Upon receipt of your information, the office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) initiated a formal inquiry with the U.S. Citizenship and Immigration Services (USCIS). USCIS should issue a response to you within forty-five (45) days. If you do not receive a response within this period, please notify our office.

Please be aware that although the office of the CIS Ombudsman collaborates with USCIS, it is an independent entity within the Department of Homeland Security (DHS). The office of the CIS Ombudsman is charged with assisting individuals who experience difficulties with the USCIS benefits process. Additionally, the office of the CIS Ombudsman is dedicated to identifying systemic problems in the immigration benefits process, and to recommending solutions to USCIS. Therefore, the concerns you raised in your letter will be considered as our office develops recommendations to improve USCIS' administrative practices.

Once again, thank you for contacting the office of the CIS Ombudsman, and for giving us the opportunity to serve you.

Sincerely,

Prakash Khatri
Ombudsman

PIK/bh

Email: cisombudsman@dhs.gov                    Web: http://www.dhs.gov/cisombudsman

CS-811
JDB

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Gregory N. Bryl | Michael B. Mukasey, Michael Chertoff, Emilio Gonzalez, Susan Dibbins, Robert Mueller III |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Alexandria City<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | |
|---|---|
| Gregory N. Bryl, Pro Se<br>287 S Pickett Street, #201<br>Alexandria, VA 22304<br>703-861-1906 | Case: 1:08-cv-00811<br>Assigned To : Bates, John D.<br>Assign. Date : 5/12/2008<br>Description: Admn. Agency Review |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

⊙ 2 U.S. Government Defendant

O 3 Federal Question
(U.S. Government Not a Party)

O 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O **A. Antitrust**

☐ 410 Antitrust

O **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**    OR    O **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑥

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 551, 553, 706 (APA), 28 USC 1361 (mandamus), 28 USC 2201 (declaratory judgment), 8 U.S.C. 1571 (Immigration Services Act), U.S Const.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ as set by trier of fact    Check YES only if demanded in complaint JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  05/12/2008    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.